UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTEFIORE MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL O. LEAVITT, Secretary<br>of Health and Human Services,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.1:07CV02228 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services ("Defendant" or the "Secretary"), by and through his undersigned counsel, answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant reserves the right to assert affirmatively any other defense that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

2-6. These paragraphs contain conclusions of law, not allegations of fact, and thus no

response is required.

      7. Defendant admits the first sentence. Defendant lacks information sufficient to admit or deny the allegations in the second sentence and, on that basis, denies the allegations in that sentence. Defendant admits the third and fourth sentences.

      8. The first sentence contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required. Defendant admits the remainder of this paragraph.

      9. This paragraph contains Plaintiff's characterizations of 42 U.S.C. § 1395i-2(a) and 42 C.F.R. § 407.10, not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

      10-12 (including footnote 1 to paragraph 10). Defendant admits the allegations in these paragraphs.

      13. This paragraph contains Plaintiff's conclusions of law and characterizations of 42 U.S.C. § 1395x(v)(1)(A), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

      14. Defendant admits the first sentence. The second sentence contains Plaintiff's characterizations of 42 U.S.C. § 1395x(v)(1)(A), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

      15-16. These paragraphs contain Plaintiff's conclusions of law and characterizations of 42 U.S.C. § 1395x(v)(1)(A), 42 C.F.R. § 413.5(a), and 42 C.F.R. § 413.50(b), not allegations of

fact, and thus no response is required. The Court is respectfully referred to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

17. Defendant admits the allegations in this paragraph.

18. This paragraph contains Plaintiff's conclusions of law and characterizations of the Deficit Reduction Act of 1984, Pub. L. No. 98-369, § 2319(b) (now codified at 42 U.S.C. § 1395yy), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

19. This paragraph contains Plaintiff's characterizations of documents that appeared in the Federal Register at 39 Fed. Reg. 20164 (June 6, 1974), 44 Fed. Reg. 31802 (June 1, 1979) and 51 Fed. Reg. 34790 (Sept. 30, 1986), as well as 42 C.F.R. § 405.460(f)(2), 42 C.F.R. § 405.460(f), and 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register documents and regulatory provisions for a full and accurate statement of their contents. Footnote 2 to paragraph 19 contains Plaintiff's characterizations of a document that appeared in the Federal Register at 64 Fed. Reg. 42610, 42612 (Aug. 5, 1999) and 42 C.F.R. § 413.30(e), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register document and regulatory provision for a full and accurate statement of their contents.

20. This paragraph contains Plaintiff's characterization of 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited regulatory provision for a full and accurate statement of its contents.

21. This paragraph contains conclusions of law and Plaintiff's characterization of the Federal Register document appearing at 44 Fed. Reg. 31802, 31804 (June 1, 1979), not

allegations of fact, and thus no response is required.  The Court is respectfully referred to the cited Federal Register document for a full and accurate statement of its contents.

22.  This paragraph contains conclusions of law and Plaintiff's characterizations of Senate Print 98-169, v.1., 42 U.S.C. § 1395yy(a), and 42 C.F.R. § 413.30(f)(1), not allegations of fact, and thus no response is required.  The Court is respectfully referred to the cited document and the statutory and regulatory provisions for a full and accurate statement of their contents.

23.  This paragraph contains conclusions of law and Plaintiff's characterization of Provider Reimbursement Manual ("PRM") § 2534.5 and 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required.  The Court is respectfully referred to the cited regulation and PRM section for a full and accurate statement of their contents.

24.  Defendant denies the allegations in this paragraph, except admits that PRM § 2534.5 was applied to Plaintiff's reimbursement requests for its 1990 fiscal year.

25.  Defendant admits the allegations in this paragraph.

26.  The first sentence contains Plaintiff's characterization of 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required.  The Court is respectfully referred to the cited regulatory provision for a full and accurate statement of its contents.  Defendant admits the second sentence.  The third sentence contains conclusions of law and Plaintiff's characterization of PRM § 2534.5, not allegations of fact, and thus no response is required.  The Court is respectfully referred to the cited PRM section for a full and accurate statement of its contents.  Defendant denies the fourth sentence, except admits that the amount in controversy is approximately $319,132.  The fifth sentence contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

27. Defendant admits the allegations in this paragraph.

28. This paragraph contains Plaintiff's characterizations of the Provider Reimbursement Review Board's ("PRRB") decision, not allegations of fact, and thus no response is required. The Court is respectfully referred to the PRRB's decision for a full and accurate statement of its contents. The PRRB's decision appears in the Administrative Record at 31-45. <u>See also</u> Exhibit A to Plaintiff's Complaint.

29. Defendant admits the allegations in this paragraph.

30. This paragraph contains Plaintiff's characterizations of the Administrator's decision, not allegations of fact, and thus no response is required. The Court is respectfully referred to the Administrator's decision for a full and accurate statement of its contents. <u>See</u> Exhibit B to Plaintiff's Complaint.

31-32. These paragraphs contain Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

33. Defendant denies this paragraph and denies each of the separate subparagraphs contained therein.

The remainder of the Complaint, labeled as paragraphs 34-37, contains Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

The Secretary specifically denies all allegations in Plaintiff's Complaint not otherwise answered or qualified herein.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0372/FAX: (202) 514-8780


_____/s/_____
DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services